IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
CHRISTOPHER TROTTER #K-53016, )
)
              Petitioner, )
)
 v. )   No.  06 C 6778
)
DONALD A. HULICK, Warden, )
)
              Respondent. )

MEMORANDUM ORDER

Christopher Trotter ("Trotter") has submitted a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"), seeking to challenge his state court murder conviction in a bench trial that led to a 30-year prison term, which he is now serving. This memorandum order is issued pursuant to the procedure established by the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").

To begin with, Trotter's In Forma Pauperis Application ("Application") that he has submitted with the Petition reflects an obvious misunderstanding of the fee situation for federal habeas petitions. Although the accompanying printout showing all transactions in Trotter's trust fund account at Menard Correctional Center ("Menard," where he is now in custody) reflects only $.06 in his account as of November 16, 2006, it also shows periodic deposits from a prison payroll and

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

occasionally from members of Trotter's family. Because the habeas filing fee is only $5, the Application is denied, and the authorities at Menard are ordered to remit the $5 filing fee to this District Court's Clerk's Office (listing Trotter's name and Case No. 06 C 6778) as soon as the account contains at least that much in funds.

As for the Petition itself, Trotter lists the last state court action on his post-conviction efforts as the December 1, 2005 denial by the Illinois Supreme Court of leave to appeal from the Appellate Court's affirmance of the dismissal of his Petition for post-conviction review. This Court has independently confirmed that date, reported in table at 217 Ill.2d 590, 844 N.E.2d 46 (2005). Although the Petition was not received in this District Court's Clerk's Office until December 7, 2006, Trotter's notice of filing and certification of service show that he delivered the documents to the authorities at Menard on December 1, in which event the "mailbox rule" established by Houston v. Lack, 487 U.S. 266 (1988) would reduce the interval between the Illinois Supreme Court's action and the effective date of the Petition's filing in this District Court to exactly one year.

In that regard Trotter has obviously operated on the premise that the time elapsed between the two dates referred to in the preceding paragraph is the only period with which he should be

concerned under Section 2244(d). That statute establishes a one-year limitation period that runs, in this instance, from "the date on which the [criminal] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" (Section 2244(d)(1)(A)), but a tolling period is prescribed by Section 2244(d)(2):

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Petition Pt. I ¶4 refers to the Illinois Supreme Court's December 3, 2003 denial of leave to appeal from the Illinois Appellate Court's affirmance of Trotter's conviction on direct review, while Petition Pt. II ¶1.B states that Trotter's state post-conviction proceeding was begun while his direct appeal was still pending, Section 2244(d)(2) prevents any time from having run on the limitations clock in any event until the Circuit Court of Cook County denied that post-conviction petition--an event that Trotter describes as a June 3, 2003 summary dismissal, based on the petition's being deemed frivolous and without merit (see Petition Pt. II). But for Trotter to take advantage of the tolling provision from that time forward (as he must do to escape a limitations bar), he must provide more information as to:

    1.  the date on which he filed his notice of appeal of

3

that dismissal in the Illinois Appellate Court (according to Petition Pt. II ¶1.H, that summary dismissal was not affirmed for almost two years--that took place on March 30, 2005, with a petition for reconsideration then having been denied on April 29, 2005); and

   2. the date on which he then sought leave to appeal to the Illinois Supreme Court (the attempt that, as stated earlier, resulted in a December 1, 2005 denial).

In both of those respects, Trotter must also specify whether (and how) each of those steps was undertaken on a timely basis.

That requested information must be transmitted to this Court's chambers in time to be received here on or before January 3, 2007 (a date that should provide more than enough leeway for that purpose). In the absence of such a timely submission, this Court will apprise the Illinois Attorney General's Office of the status of the matter to determine whether it wishes to raise or to waive a statute of limitations defense. If however the information is provided on a timely basis, and if it reflects that Trotter does not face a statute of limitations defense, this Court will turn to the substantive aspects of the Petition to determine what further proceedings are necessary.

                                           _____
                                           Milton I. Shadur
                                           Senior United States District Judge

Date: December 12, 2006