IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
CHRISTOPHER TROTTER #K-53016, )
)
        Petitioner, )
)
v. ) No. 06 C 6778
)
DONALD A. HULICK, Warden, )
)
        Respondent. )

## MEMORANDUM ORDER

After Christopher Trotter ("Trotter") submitted a pro se 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") seeking to challenge his state court murder conviction in a bench trial that led to a 30-year prison term, which he is now serving:

    1. this Court issued a December 12, 2006 memorandum order, pursuant to the procedure established by the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), that required some further documentary input from Trotter; and

    2. upon receipt of that material from Trotter, this Court issued a January 5, 2007 memorandum order requiring respondent Warden Donald Hulick to file an answer or motion or other response in accordance with Section 2254 Rule 4.

Warden Hulick's counsel then responded with a motion to dismiss, and Trotter has now tendered a document that he has labeled "Petitioners' Partial Response to Respondents' Motion To

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Dismiss." Those cross-submissions demonstrate plainly that Trotter's Petition is out of time and must be dismissed.

Trotter did not file his Petition here until December 1, 2006, a year to the day after the Illinois Supreme Court had denied him leave to appeal from the adverse determination of the lower state courts in his post-conviction action there. That being the case, Trotter could bring himself within the one-year limitation period established by Section 2244(d)(1) only if "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" was "pending" (see Section 2244(d)(2)) during the entire period after Trotter's judgment of conviction became final (see Section 2244(d)(1)(A)). Warden Hulick has stated the identical proposition in these terms at page 10 of his Motion To Dismiss:

> Clearly, the postconviction action was no longer pending *after* the Illinois Supreme Court denied his PLA on December 1, 2005. Since 365 days elapsed before petitioner filed the instant petition on December 1, 2006, petitioner has allowed himself no leeway. If even *one day*--between the time that his conviction became final (on March 2, 2004) and the Illinois Supreme Court denied his postconviction PLA (on December 1, 2005)--does not meet the statutory requirements for tolling under §2244(d)(2), then this petition is untimely.
>
> In fact, 126 days cannot be tolled because petitioner failed to file a timely PLA. Pursuant to *Fernandez* [*v. Sternes*, 227 F.3d 977 (7th Cir. 2000)], this omission means that the limitations period ran from March 31, 2005, the date on which the state appellate court denied petitioner's appeal; to August 4, 2005, the date on which petitioner filed a motion for leave to file a late PLA. *See* 227 F.3d at 979.

Thus the Petition plainly fails to meet the Section 2244(d)(1) requirement. On that score Trotter's most recent filing misses the mark entirely. There he complains that he had not been notified until December 10, 2003 that an earlier motion filed by him had been denied on July 16 of that same year. But that is totally irrelevant, because for purposes of Warden Hulick's motion to dismiss the one-year limitations clock did not begin to tick until March 2, <u>2004</u> (when Trotter's conviction became final). Hence the earlier delay in the year 2003 about which Trotter now complains has no bearing at all on the issue (see Section 2244(c)(1)(A)).

Nor does this case pose the kind of "extraordinary circumstances outside of the petitioner's control [that] prevent[ed] timely filing of the habeas petition" (<u>Gildon v. Bowen</u>, 384 F.3d 883, 887 (7th Cir. 2004); see also <u>Moore v. Battaglia</u>, 476 F.3d 504, 506-07 (7th Cir. 2007)). So Trotter fails to qualify for the possibility of equitable tolling as well.

In short, the final quoted paragraph from Warden Hulick's motion to dismiss is correct. That being the case, the Petition must be and is dismissed as untimely.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 30, 2007